UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LALTITUDE LLC, | CASE NO. C25-1961-KKE |
| Plaintiff(s), | ORDER |
| v. | |
| INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A, | |
| Defendant(s). | |

The schedule in this design patent infringement case is based upon the Local Patent Rules of the Western District of Washington and contemplates claim construction briefing, a claim construction hearing, and that the Court will issue a standalone claim construction order. *See* Dkt. No. 31. The Local Patent Rules, however, only apply in actions "which allege infringement of a *utility patent* or which seek a declaratory judgment that a *utility patent* is not infringed, is invalid or is enforceable." Local Patent Rules W.D. Wash. LPR 101 (emphasis added). Further, the Federal Circuit has cautioned that in design patent matters such as this, "the preferable course ordinarily will be for a district court not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008).

ORDER - 1

The Court held a status conference (Dkt. No. 46) to address this issue.  The Court asked the parties whether separate claim construction briefing and a claim construction hearing were required in light of this case involving a single design patent, or if claim construction could instead be completed in the course of summary judgment.  *See, e.g.*, *PUMA SE v. Brooks Sports Inc.* 2:23-CV-00116-LK, 2024 WL 2161215 (W.D. Wash. May 14, 2024) (court explaining that it would, in a design patent case, "consider as part of [the claim construction] analysis any arguments [the defendant] advances regarding elements serving a functional rather than ornamental purpose" "at the summary judgment phase").  At the hearing, the parties provided their initial positions on whether claim construction should proceed separately from summary judgment motions but did not reach an agreement.  The parties also raised several issues relating to discovery and other case management concerns that may ultimately have an impact on case scheduling.  The Court indicated it would require the parties to further meet and confer to consider these issues and propose a schedule for further proceedings.

Accordingly, in furtherance of the efficient administration and trial of this matter, and in order to resolve the outstanding issue of the timing of claim construction, the Court will require the parties to propose alternative case schedules.  After receiving additional input from the parties, the Court will issue an order clarifying whether this case will proceed on a standard case schedule (and thus, without separate claim construction proceedings) or on the current schedule that includes a *Markman* hearing.

Accordingly, the Court ORDERS as follows:

- The parties are ORDERED to meet and confer regarding the identified issues and file a Joint Status Report by June 2, 2026.  The Report should include the parties' positions on the need for a separate claim construction hearing and order in advance of summary

ORDER - 2

judgment proceedings and a proposed case schedule reflecting this sequencing through trial.

- The Report should also include a proposed alternative schedule for a standard case schedule without separate claim construction proceedings in which claim construction will be adjudicated in the context of summary judgment proceedings.

- Both schedules should indicate when the parties anticipate they will be ready for trial. *See* Dkt. No. 11 at 5–6 (civil case procedures providing this Court's scheduling template).

- If the parties are unable to agree on any part of the Report, they may answer in separate paragraphs. No separate reports are to be filed.

- The Court's calendar can no longer accommodate a *Markman* hearing on July 22, 2026. Accordingly, that hearing is STRICKEN. Dkt. No. 31. The Courtroom Deputy will reach out to the parties to re-schedule the hearing (if needed) after the Court receives and considers the parties' Joint Status Report.

- The parties agreed in their prior Joint Statement that a technology tutorial is not necessary. Dkt. No. 45 at 16–17. The technology tutorial is therefore STRICKEN. Dkt. No. 31.

Dated this 19th day of May, 2026.

Kymberly K. Evanson
United States District Judge

ORDER - 3