UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LALTITUDE LLC,<br><br>Plaintiff(s),<br>v.<br><br>INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,<br><br>Defendant(s). | CASE NO. C25-1961-KKE<br><br>ORDER GRANTING STIPULATED MOTION REGARDING SUPPLEMENTAL CONTENTIONS AND SCOPE OF EXPERT DISCLOSURES |

The Court has considered the Parties' Joint Stipulation and Stipulated Motion Regarding Supplemental Contentions and Scope of Expert Disclosures (Dkt. 64). Finding good cause, the Court GRANTS the stipulated motion and ORDERS as follows:

1. **Supplemental invalidity contentions**: Plaintiff consents to Defendants' Supplemental Invalidity Contentions in the form provided to Plaintiff on October 6, 2026, and withdraws its objections to those contentions. The Supplemental Invalidity Contentions are deemed served as of October 14, 2026, the date of the Parties' stipulation. Upon entry of this Order, Defendants' Motion for Leave to Serve Supplemental Invalidity Contentions (Dkt. No. 63) is withdrawn as moot.
2. **Supplemental infringement contentions**: Defendants consent to Plaintiff's opening infringement expert report of Paul Hatch, served September 30, 2026 (the "Hatch Opening

Report"), serving Plaintiff's supplemental and operative infringement contentions in this action.

3. **Supplemental opening expert reports**: On or before October 21, 2026, each Party may serve one supplemental report of each of its opening non-damages experts on issues on which that Party bears the burden of proof (each, a "Supplemental Opening Report"), to address, to the extent deemed appropriate, materials that have become part of the respective contentions by virtue of Paragraphs 1 and 2 of this Order.

4. **Scope of operative opening reports**: Effective upon the October 21, 2026 deadline in Paragraph 3, each Party's opening non-damages expert report served September 30, 2026 (each, an "Opening Report"), as supplemented by any Supplemental Opening Report (together, the "Operative Opening Reports"), shall identify and define (a) for Plaintiff, the accused products (the "Accused Products") and theories of infringement on which Plaintiff may rely in this action and (b) for Defendants, the prior-art references, combinations of references, and theories of invalidity (including under 35 U.S.C. §§ 102, 103, and 171) on which Defendants may rely in this action. The Accused Products, prior-art references, combinations, and theories disclosed in a Party's Operative Opening Reports are deemed incorporated into, and to supplement pursuant to Federal Rule of Civil Procedure 26(e), that Party's Preliminary Infringement Contentions or Preliminary and Supplemental Invalidity Contentions, as applicable, and that Party's responses to interrogatories and other discovery requests seeking identification of accused products, prior art, or contentions. No Party shall object to, move to strike, or move to exclude any such Accused Product, prior-art reference, combination, or theory on the ground that it was not disclosed in a Party's contentions, interrogatory responses, or other discovery responses. No further written

supplementation of contentions or of such discovery responses is required to give effect to this Paragraph.

5. **Responsive expert reports**: Non-damages expert reports responding to the Operative Opening Reports shall be served on or before October 30, 2026, as provided in the Court's operative scheduling order (Dkt. 61).

6. **Remainder of case schedule unmodified**: Except as expressly provided in this Order, all previously scheduled deadlines remain unchanged. This Order does not otherwise modify the operative case schedule (Dkts. 61 and 62).

It is so ordered. The Clerk is directed to STRIKE Dkt. No. 63 as moot.

Dated this 16th day of October, 2026.

Kymberly K. Evanson
United States District Judge