UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LALTITUDE LLC,<br><br>Plaintiff(s),<br>v.<br><br>INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,<br><br>Defendant(s). | CASE NO. C25-1961-KKE<br><br>ORDER DENYING MOTION FOR PROTECTIVE ORDER AS MOOT AND DIRECTING PARTIES TO PROPOSE AMENDED CASE SCHEDULE |

This matter comes before the Court on the parties' joint status report. Dkt. No. 73. Defendants agreed to withdraw their 30(b)(6) deposition notice, and Plaintiff "tentatively agrees to offer Mr. Wang for the noticed deposition under Fed. R. Civ. P. 30(b)(1) the week of November 30, 2026, Mr. Wang's availability permitting." *Id.* at 2. Defendants "accept Plaintiff's agreement to produce Mr. Wang for his Rule 30(b)(1) deposition," though they ask that Plaintiff provide a firm date within that week by November 6, 2026. *Id.* at 3. Because the parties have resolved this dispute, Plaintiff's Motion for Protective Order (Dkt. No. 66) is DENIED as MOOT. Plaintiff is ordered to provide Defendants with a firm date for Mr. Wang's 30(b)(1) deposition no later than November 6, 2026.

The parties also discuss the case schedule in their joint status report. Trial in this case is set for April 5, 2027, the current deadline for dispositive motions is November 30, 2026, and

discovery closes on October 30, 2026. Dkt. No. 62. Plaintiff states that certain discovery is still outstanding and "a further extension of the dispositive motions in this case will be required until January 2027, which will allow the parties to complete all outstanding depositions, seek resolution on previously-served discovery, depose the other side's expert(s), and obtain outstanding documents and confirmations from Amazon to expedite completion of the damages-based expert reports." Dkt. No. 73 at 3. Defendants "do not object to extending the dispositive-motion deadline to January 2027," nor do they "object to completing the depositions of the two remaining witnesses for Defendants after October 30." *Id.* at 4.

As the parties are aware, the Court's case schedule requires approximately 120 days between the deadline for dispositive motions and the trial date. *See, e.g.*, Dkt. Nos. 11, 59. Plaintiff's proposed deadline of January 2027 results in fewer than 120 days between the dispositive-motions deadline and the trial date of April 5. Given that the parties agree that the dispositive-motions deadline should be pushed to sometime in January 2027, they should contact Courtroom Deputy Diyana Staples, at KKEcrd@wawd.uscourts.gov, to identify a new trial date in accordance with the Court's trial calendar. Upon receiving a new trial date, the parties are directed to submit a proposed amended case schedule (as they did at Dkt. No. 60).

Dated this 28th day of October, 2026.

Kymberly K. Evanson
United States District Judge